*118 The opinion of the Court was delivered by
Wardlaw, Ch.
In conformity to the procedure prescribed by 12 section of the Act of 1784, (7 Stat. 210,) the present plaintiff, resident in Kentucky, was regularly made a party defendant to the suit, in which the decree was rendered of which he now complains. Under the Act a person, absent from the State but having property within it, may be made a defendant to a suit in Equity here bringing that property into litigation, although he be the sole defendant. Bowden vs. Schatzell, Bail. Eq. 361; McKinne vs. City Council of Augusta ; (a) Kinloch vs. Meyer, Speers Eq. 428. In such case the Act makes him strictly a party, as fully bound by the proceedings as a party served with process of subpcena. In this respect the Act is altogether different from the Act of 1823, (6 Stat. 212,) which provides a remedy at law in cases of joint contract where one of the contractors resides without the limits of the State, for the latter Act contains an express proviso that the proceedings shall have no effect so far. as the party out of the State is concerned. I suppose, too, that proceedings at law against partners, under the Act of 1792, (7 Stat. 281,) would affect only the property within the State of the firm and of the partner served with process, and that the absent partner is merely a nominal defendant. Such is the intimation of opinion in Simonds vs. Speed, 6 Rich. 390, although the point is reserved from judgment. But the Act of 1784 contains no such saving to an absent defendant to a suit in Equity, and declares on the contrary in 13 section, that “ the decree shall stand absolutely confirmed against him, his legal representatives and all claiming under him,” unless he avail himself of a petition for re-hearing, within four years after decree, if he be without the limits of the United States, and within two years if he be within any of the other States except South-Carolina. The jurisdiction of this Court cannot be extended, upon any sound principle, to the case of one named as a defendant, where neither his person nor his property which is the subject of litigation, is within the State; but in the suit in which *119 a decree was made against the present plaintiff, the property-in controversy, according to his pleading now, belonged to him in whole or in part, in respect to which property he was under the Act a regular party. He made no application to the Court for relief by petition for re-hearing or otherwise within two years, the term of limitation applicable to his case, after the decree had been pronounced and fully executed. Statutes of limitation create positive and conclusive bars, which cannot be avoided in any particular case from considerations of inconvenience or hardship in their operation. Cases of hardship must arise under every such statute. If one in the condition of the plaintiff is entitled to be heard after two years against a decree, the Act is a nullity, and he can be barred only by the presumption arising from the lapse of twenty years. It is always unsafe to look beyond the judgment of the Court into the reasons which may have influenced the Judge who pronounced the judgment. Frequently sound conclusions are attained upon false premises. If a judgment or decree be dependant for force or extent on the reasons which may be assigned for it, then it must be examinable without limitation as to time for any error of fact or of law. Inattention of parties, perversity of witnesses, mistakes of counsel and judges, frequently defeat or diminish the right in forensic contests; but it is much more important to the commonwealth that an end should be put to litigation, than that every case should be rightly decided and for right reasons. If the operation of the ‘ ideo consideratum est be proportioned to the soundness of the argumentation on which it is based, then there is a wilderness for the march of writs of error, motions for new trial, petitions for re-hearing and bills of review.
It does not appear upon what facts and reasons the Court proceeded in the decree of June, 1850, to exclude the plaintiff from succession to the estate of his intestate brother; and where we are left to conjecture, we may adopt any hypothesis consistent with the pleadings, which will sustain the decree. If we suppose that proof was made that plaintiff released his interest to those who took under the decree, or that he was illegitimate, *120 then he was rightly excluded. Error may still remain as to the mode and measure of distribution directed by the decree, but that is error not affecting him if he be excluded altogether. His cause of complaint is that the half brother was admitted to any share, and not that such share was too small. But the inquiry as to error is immaterial. Wherever the Court has jurisdiction as to the subject and parties, its judgment must be conclusive on all parties and privies, notwithstanding any error of fact or of law, until it be reversed, or be vacated for fraud. The bill in this case makes no charge of fraud in procuring the decree, and it is framed for reclamation of the money paid under the decree, and not for vacating the decree itself; and if it had been framed to set aside the decree, only one (besides the plaintiff) of the original parties is properly before the Court.
The plaintiff in his bill alleges by way of excuse from the bar of the Statute, that he had no notice of the publication or of his brother’s death, until a time within a year before filing the bill. If he be understood by this negative pregnant as admitting notice of the publication for a full year before filing this bill, then he confesses laches for two months and more before the bar of the Statute was complete. But it is unnecessary to take any such narrow view. The Statute does not require proof, impracticable in most cases, of actual notice of the suit to an absent defendant; and puts publication in a newspaper for three months in place of service of process to answer. In the present instance, unusual efforts were made to bring before the Court all persons claiming shares in the estate, by publication calling them in, made in three newspapers in as many States, and continued for two years after the order pro confesso.
It is argued that the decree in the former case is not against the present plaintiff, but only in favor of other parties to the suit, and is therefore not binding on him. A decree directing an estate to be distributed among particular parties to the suit, is necessarily a decree against the claims of all other parties to the suit. Dyson vs. Leek, 5 Strob. 143.
The'third ground of appeal suggests that the circuit decree *121 violates the Constitutions of the State and of the United States. It does not appear to us that any constitutional question is involved in the case.
It is ordered and decreed, that the appeal be dismissed, and the circuit decree be affirmed.
Johnston and Dunkin, CC., concurred.

Appeal dismissed.

 5 Rich. Eq. 55.